# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUS COMPANY, AS TRUSTEE, IN TRUST FOR HOLDERS OF MORGAN STANLEY IXIS REAL ESTATE CAPITAL TRUST 2006-1, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-1,<br><br>Plaintiff,<br><br>v.<br><br>JOSE LUIS AGUILAR and DOES 1-10, inclusive,<br><br>Defendant. | CASE NO. 1:17-CV-1513 AWI SKO<br><br>ORDER SUA SPONTE REMANDING MATTER DUE TO LACK OF JURISDICTION<br><br>(Doc. No. 1) |

Defendant Jose Luis Aguilar removed this case from the Superior Court of Tulare County on November 9, 2017. See Court's Docket Doc. No. 1. The Complaint contains a single cause of action for unlawful detainer under state law. See id. Defendant asserts that the basis for removal is diversity jurisdiction.

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting

jurisdiction. Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, 599 F.3d at 1107; Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997); see California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). That is, the court "must dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).

Federal courts may exercise "diversity jurisdiction" when the amount in controversy exceeds $75,000 and the parties are in complete diversity, i.e. that citizenship of each plaintiff is different from that of each defendant. See Hunter, 582 F.3d at 1043; Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see also 28 U.S.C. § 1332(a). If the "complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000." Kroske v. US Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005); see Matheson, 319 F.3d at 1090. "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal must prove with legal certainty that [the] jurisdictional amount is met." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007); see also Stelzer v. Carmax Auto Superstores Cal., LLC, 2014 U.S. Dist. LEXIS 101391, *3-*5 & n.2 (S.D. Cal. July 24, 2014).

California's unlawful detainer "statutory scheme is intended and designed to provide an expeditious remedy for the recovery of possession of real property." Larson v. City and County of San Francisco, 192 Cal.App.4th 1263, 1297 (2011). Unlawful detainer actions are summary in

character, ordinarily involve only claims that bear on the right of immediate possession, and will only entertain cross-complaints or affirmative defenses that will preclude removal of the tenant from the premises. Vella v. Hudgins, 20 Cal.3d 251, 255 (1977). Because unlawful detainers are intended to recover property, the damages available in such actions are "limited to those incurred because of wrongful possession." Larson, 192 Cal.App.4th at 1297; see Martin –Bragg v. Moore, 219 Cal.App.4th 367, 385 (2013). The amount demanded in the complaint as damages (often expressed as rental value or damages per day), and not the value of the property itself, determines the amount in controversy for diversity purposes. See South Park Residential, LLC v. Mays, 2015 U.S. Dist. LEXIS 71986, *3 (C.D. Cal. June 2, 2015); Patel v. Sagnep, 2015 U.S. Dist. LEXIS 42341, *5-*6 (N.D. Cal. Mar. 9, 2015); Deutsche Bank Nat'l Trust Co. v. Ghosal, 2015 U.S. Dist. LEXIS 47249, *1-*2 (S.D. Cal. Apr. 10, 2015); GB Inland Props., LLC v. Duran, 2014 U.S. Dist. LEXIS 36231, *5-*6 (C.D. Cal. Mar. 13, 2014).

Here, the Complaint alleges that it seeks $50.00 per day in damages, and that the total damages are less than $10,000. That is, the face of the complaint indicates that far less than $75,000 is in controversy. Defendant has presented no evidence or argument to undermine these figures. Cf. Guglielmino, 506 F.3d at 699. Because the Complaint affirmatively shows that less than $75,000 is in controversy, this Court lacks diversity jurisdiction. See 28 U.S.C. § 1332(a); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 400-01, 406 (9th Cir. 1996). Remand to the Tulare County Superior Court is appropriate and mandatory. 28 U.S.C. § 1447(c); Geographic Expeditions, 599 F.3d at 1107; Bruns, 122 F.3d at 1257; Page, 45 F.3d at 133.

Accordingly, IT IS HEREBY ORDERED that, per 28 U.S.C. § 1447(c), due to this Court's lack of subject matter jurisdiction, this case is REMANDED forthwith to the Superior Court of Tulare County.

IT IS SO ORDERED.

Dated: November 9, 2017 _____
SENIOR DISTRICT JUDGE